PER CURIAM. The order denying the motion for a discovery of books and papers was right. The general term of the court of common pleas expressly held that the plaintiff could not recover a percentage as brokerage on any fixed sum for the reason that no fixed sum was mentioned in the lease as rental. Whether that decision was correct or not is not the question, and it cannot be reviewed on an appeal from this order. It is the law of the case as laid down by the general term of the court in which the action was brought. Under the decision as made by the general term it would be useless to undertake to give evidence of net profits payable as rent, because the court held that there was nothing payable as rent, and that the principle controlling the case was such that no recovery could be based upon a specific sum, no matter how that specific sum might be ascertained, it not being mentioned in the lease; or, in other words, there was nothing payable as rent from the lessee to the lessor until at the end of the accounting, and that, therefore, the plaintiff had mistaken his remedy, and should have sued on a quantum meruit. The court below was right, therefore, in holding that the motion must be denied upon the opinion of the general term of the court of common pleas. Order affirmed, with $10 costs and disbursements.

In re FLINT'S WILL. (Supreme Court, Appellate Division, First Department. March, 1896.) Proceeding for the probate of the will of Annie S. Flint, deceased. No opinion. Decree affirmed, with costs.

FOLEY v. BERNSTEIN. (Supreme Court, Appellate Division, Fourth Department. June 17, 1896.) Action by John H. Foley against Augusta Bernstein, impleaded. This action was commenced in the municipal court of Rochester, and was taken by an appeal to the county court of Monroe county, where a new trial was had, which resulted in a verdict for the plaintiff of $455.24. The defendant moved for a new trial on the minutes on the grounds (1) that the verdict is contrary to the evidence, and against the weight thereof; (2) that the verdict is contrary to law; (3) that the verdict is excessive; (4) upon exceptions taken at the trial. Apparently upon the motion of the defendant, and in obedience to the decision made by the county court, an order was entered containing the following language: "It is ordered that the motion for a new trial be, and hereby is, denied if the plaintiff shall, within 10 days after the entry of this order, stipulate to reduce the verdict from $455.-25 to $37.39, and if the defendant Bernstein shall, within 10 days after the entry of this order, pay to the plaintiff's attorney his costs of the trial, to be taxed, and $10 costs of this action. It is further ordered that, if the plaintiff shall not so stipulate, the motion for a new trial be, and hereby is, granted, upon the ground that the verdict is excessive and against the weight of evidence, upon payment by the defendant Bernstein of the costs of the trial, and $10 costs of this motion. In all other respects said motion is denied." Plaintiff appeals "from so much of said order entered as directs that the motion for a new trial made in said action be denied if the plaintiff shall, within 10 days after the entry of said order, stipulate to reduce the verdict from $455.25 to $37.39," and from all further portions of said order. His notice of appeal seems to have been given September 3, 1895. John F. Kinney, for appellant. Abraham Benedict, for respondent.

HARDIN, P. J. The learned county judge has said, in an opinion delivered by him: "The verdict of the jury for the price of the lumber sold before June 21st, amounting to $384.70 and interest, is contrary to the evidence, and cannot stand." A perusal of the evidence leaves the impression that the county judge is correct in his conclusion that the verdict is against the weight of evidence, and his views in respect to the case are quite fully supported by the authorities referred to in his opinion. In the particular referred to, we think the decision of the county judge should be sustained, and that he applied the proper rule as to costs, and the order awarding a new trial should remain in force.

2. Upon the 5th day of September, 1895, the defendant Bernstein appealed "from so much of the order of the county court of Monroe county * * * as imposes, as a condition of granting a new trial herein, or reducing the verdict of the jury, the payment by the defendant Bernstein of the costs of the trial and $10 costs of the motion, and also from so much of said order as denies the motion of the defendant Bernstein for a new trial unconditionally." The defendant contends that the court erred in refusing to nonsuit the plaintiff at the close of his case, and in refusing to direct a verdict for the defendant at the close of all the evidence. In support of the latter motion the defendant contended that the evidence indicated that Nusbaum "sustained to the defendant Bernstein the relation of an independent contractor, for whose acts and contracts the defendant had no responsibility." We think the exceptions taken to the denial of the motion for a nonsuit do not present error. A question of fact was presented, as to the relation sustained by Nusbaum to the defendant, proper, upon all the evidence, for the consideration of the jury.

Several other questions are discussed by the learned counsel for the defendant, but, as we have reached the conclusion that a new trial must be had, it is not necessary to examine and discuss them on this occasion. Similar questions may not arise on a second trial. As neither party is successful on the appeal, we think the order may properly be affirmed without costs to either party. Order affirmed, without costs to either party. All concur.

FORD, Appellant, v. ROSS, Respondent. (Supreme Court, Appellate Division, Third Department. July 7, 1896.) Action by William L. Ford against Frederick E. Ross. No opinion. Judgment affirmed, with costs.

GARVIN MACH. CO., Appellant, v. CALDWELL et al., Respondents. (Supreme Court, Appellate Division, Fourth Department. July 30, 1896.) Action by the Garvin Machine Company against Charles H. Caldwell and others. No opinion. Judgment reversed on the law and facts, and a new trial ordered, with costs to abide event.